IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**STEVEN ADKINS (#174862)**                                                  **PLAINTIFFS**

**LARRY MOORE (#99670)**

**WEBSTER COLLINS (#141886)**

v.                                          No. 4:24CV100-MPM-RP

**WARDEN PATRICIA DOTY, ET AL.**                                      **DEFENDANTS**

**ORDER REQUIRING PLAINTIFFS
TO FILE SEPARATE CASES**

This matter comes before the court on the *pro se* prisoner complaint [1] of Mississippi Department of Corrections ("MDOC") inmates Larry Moore, Webster Collins, and Steven Adkins. Moore is the only plaintiff who signed the complaint. "[A] section 1983 claim must be based upon the violation of plaintiff's personal rights, and not the rights of someone else." *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990) (citations omitted); *Coon v. Ledbetter*, 780 F.2d 1158, 1160-61 (5th Cir. 1986). "[L]ike all persons who claim a deprivation of constitutional rights," each prisoner plaintiff is "required to prove some violation of [his] personal rights." *Coon*, 780 F.2d at 1160-61 (citations omitted); *TOPIC v. Circle Realty Co.*, 532 F.2d 1273 (9th Cir.), *cert. denied*, 429 U.S. 859, 97 S.Ct. 160, 50 L.Ed.2d 137 (1976). The court concludes that justice would best be served by requiring each plaintiff to proceed with his own case. Commingling various claims of multiple plaintiffs makes it difficult for the court to separate the wheat from the chaff, as meritorious claims may be obscured by the frivolous.

Further, multi-plaintiff prisoner complaints present a variety of administrative and logistical problems not associated with other civil actions. The Prison Litigation Reform Act

militates against multi-plaintiff prisoner complaints for a variety of reasons. For example, a prisoner plaintiff proceeding as a pauper is required to pay the full amount of the filing fee and costs.[1] *See* 28 U.S.C. § 1915 (requiring prisoners proceeding *in forma pauperis* to pay the entire filing fee). In addition, prisoner plaintiffs who have on three or more prior occasions brought frivolous or malicious complaints or complaints which failed to state a claim may not proceed as a pauper, and, in the event that all or part of the case is dismissed, combining such plaintiffs' claims would make it difficult to determine whether either plaintiff's dismissal should count as a "strike" under the Prison Litigation Reform Act.

The court need not resolve whether the PLRA precludes multiple prisoner plaintiffs from proceeding in a single case, and, practically speaking, there are many other potential difficulties in proceeding with multiple *pro se* prisoner plaintiffs: inmate transfers, security, the need for each individual plaintiff to represent himself regarding his claims, the need for each plaintiff to sign the pleadings, the possibility that documents may be altered as they are circulated for review and signature, the possibility of coercion by prisoners, the facts regarding each inmate's claims may differ, and prisoners may seek to compel prison authorities to permit them to gather to discuss joint litigation. Other district courts have come to the same conclusion. *See, e.g., Bowes v. Alder,* 2006 WL 1626834 (N.D. Ga. June 5, 2006); *Swenson v. Macdonald,* 2006 WL 240233

---

[1] There is a split in the circuits regarding whether the requirement under the PLRA that each plaintiff pay the full filing fee precludes multiple plaintiffs from proceeding in a single case. *Compare Hubbard v. Haley*, 262 F.3d 1194, 1198 (11th Cir. 2001) (each prisoner must bring separate suit because statutory requirement in the PLRA that each plaintiff pay the full filing fee conflicts with previously enacted permissive joinder rules of Fed. R. Civ. P. 20), *with Bouribone v. Berge*, 391 F.3d 852, 854-56 (7th Cir. 2004) (multiple prisoner plaintiffs may proceed together under permissive joinder rule; no conflict between PLRA and Rule 20). It appears that the Fifth Circuit has not addressed this issue.

(D.Mont. Jan. 30, 2006); *Boyd v. Scherrer,* 2006 WL 1704471 (D.N.J. June 16, 2006); *Naasz v. Dretke,* 2005 WL 1249439 (N.D. Tex. May 26, 2005).

Requiring each prospective plaintiff to file his individual complaint and application to proceed *in forma pauperis* will not prejudice the rights of either plaintiff or defendant, will comport with the PLRA, and will efficiently use available judicial resources. Should common questions of law or fact exist in separate cases, the court may order that those cases be consolidated under Fed. R. Civ. P. 42(a).

For these reasons:

(1) The instant case will **PROCEED** as to plaintiff **Larry Moore**;

(2) Plaintiffs **Steven Adkins** and **Webster Collins** are **DISMISSED** *without prejudice* from this case;

(3) The Clerk of the Court is **DIRECTED** to open separate cases for **Steven Adkins** and **Webster Collins** using the complaint from the instant case;

(4) The Clerk of the Court is **DIRECTED** to provide plaintiffs **Steven Adkins** and **Webster Collins** with the court's form complaint for proceeding with a case filed under 42 U.S.C. § 1983, as well as the other documents the plaintiffs need to initiate a case;

(5) Within 21 days from the date of this order, plaintiffs **Steven Adkins** and **Webster Collins** must complete, sign, and return the complaint and documents to the court;

**(6)** ***Failure of a plaintiff to comply with the requirements in this order will lead to the dismissal of that plaintiff's case.***

**SO ORDERED**, this, the 5th day of November, 2024.

/s/Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI