**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**LARRY MOORE (#99670)**                                      **PLAINTIFF**

**v.**                                                      **No. 4:24CV100-MPM-RP**

**WARDEN PATRICIA DOTY, ET AL.**                              **DEFENDANTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Larry Moore, who challenges the conditions of his confinement under 42 U.S.C. § 1983. That statute provides a federal cause of action against "[e]very person" who under color of state authority causes the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit.[1] The plaintiff alleges that defendant Patricia Doty violated his right to due process by "framing" him – planting contraband in his belongings during a random prison shakedown. The plaintiff was issued a Rule Violation Report and found guilty. He was punished with loss of all privileges (visitation, canteen, phone, etc.) for three to six months.

After reviewing the complaint, the court issued an order for the plaintiff to show cause, within 21 days, why the instant case should not be dismissed for failure to state a claim upon which relief could be granted. The plaintiff has not responded to the order, and the deadline to do so has expired. For the reasons set forth below, the instant case will be dismissed with prejudice for failure to state a valid claim under 42 U.S.C. § 1983.

---

[1] *See* 42 U.S.C. § 1997e(a); *see also Williams v. Henagan,* 595 F.3d 610 (5th Cir. 2010) (PLRA applies when inmate is incarcerated at the time he files suit, even if he was released during pendency of suit).

**Due Process in the Prison Context**

The plaintiff's allegations do not rise to the level of a due process violation. Under the ruling in *Sandin v. Conner*, 515 U.S. 472 (1995), the plaintiff has not set forth a valid claim for violation of the Due Process Clause or any other constitutional protection. Though

> [s]tates may under certain circumstances create liberty interests which are protected by the Due Process Clause, . . . these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

*Id.* 115 S. Ct. at 2300 (citations omitted). In *Sandin*, the discipline administered the prisoner was confinement in isolation. The court found that this discipline fell "within the expected parameters of the sentence imposed by a court of law," and "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Id*. at 2301 and 2300.

Therefore, neither the Due Process Clause itself nor State law or regulations gave rise to a liberty interest providing the constitutional procedural protections afforded prisoners, such as:

(1) Advanced written notice of the claimed violation;

(2) A written statement of the factfinders as to the evidence relied upon and the reasons for the disciplinary action taken;

(3) The ability to call witnesses (which can be limited at the discretion of prison officials for security and other reasons);

(4) The ability to present documentary evidence.

*Wolff v. McDonnell*, 418 U.S. 539, 563-567 (1974); s*ee also Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000) (holding prisoner's thirty-day loss of commissary privileges and cell restriction due to disciplinary action failed to give rise to due process claim).

In the present case, the plaintiff's punishment was loss of all privileges. Such punishment clearly falls "within the expected parameters of the sentence imposed by a court of law," *id*. at 2301,

- 2 -

and "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Id.* As such, the plaintiff's allegations regarding violation of his right to due process are without merit.

### Conclusion

For the reasons set forth above, the plaintiff's allegations do not state a valid claim under 42 U.S.C. § 1983. The instant case will therefore be dismissed with prejudice for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 23rd day of April, 2026.

   /s/Michael P. Mills         
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI